American Steam Boiler Insurance Company, Appellant and Respondent, *v.* Edward C. Anderson et al., Respondents and Appellants.

The power of an agent to create rights by contract for his principal includes an implied duty on his part to observe and not defeat or destroy those rights.

Plaintiff, an insurance company, entered into a contract with defendants to act as its agents in procuring insurance, and agreed to pay them thirty per cent of the premiums received on the policies obtained. Defendants induced H. & Co. to take out policies in plaintiff's company, and they were paid their percentage of the premiums. Before these policies expired, defendants' contract with plaintiff came to an end, and H. & Co., having been induced by defendants to insure in another company for which they had become agents, requested plaintiff to cancel their policies, which it did, and as provided by said policies returned to H. & Co. the premium unearned. *Held*, that plaintiff was entitled to recover of defendants the percentage received by them upon the amount of premiums so refunded; that although defendants' agency had ceased, they were not at liberty to defeat the purpose or duration of the contracts of insurance to the prejudice of plaintiff, and retain all the fruits thereof received by them.

Reported below, 25 J. & S. 179.

(Argued October 8, 1891; decided December 1, 1891.)

CROSS-APPEALS from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 6, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

In June, 1884, by an instrument executed by the parties, the plaintiff appointed the defendants as its managers and general agents for the states of New York, New Jersey and Connecticut, with some local exceptions.   The defendants were empowered to issue policies, and as commissions to have thirty per cent of the premiums received.   Either of the parties to terminate the agency at pleasure on ninety days' notice.   In December, 1885, a further arrangement was made to the effect that the agreement creating such relation should cease and determine on January 1, 1886, "and from that date be null and void," saving any claim the plaintiff should then have against the defendants for unpaid accounts.   As such agents, the defendants in December, 1884, made two polices to R. Hoe & Co., insuring them to the amount of $50,000 and $25,000 = $75,000, for three years upon buildings, engines, boilers, etc., against damages by explosion, for which a premium of $1,125 was paid, of which the defendants retained $337.50 for their commissions.   Provision was made in the policies for their cancellation at any time at the request of the assured, and that in such event the plaintiff should retain the charges for inspection and the customary short rates for the term the policies had been in force.   These policies were at the request of the assured canceled in March, 1887, and $118.13 of the premium were returned by the plaintiff as required by the contract of insurance.   The cancellation by R. Hoe & Co. was induced and procured by the solicitation of the defendants, who had then become the agents of the Hartford Steam Boiler and Inspection Company, and induced and procured that firm to take in place thereof insurance in the last-named company. In consequence of which the plaintiff was required to refund such portion of the premium.   The purpose of this action was to recover damages of the defendants for thus causing the

cancellation of the policies and the refunding of the amount repaid, for thirty per cent of which, with interest, a verdict was directed for the plaintiff.

*Robert Sewell* for plaintiff.   Defendants violated a positive duty which they owed plaintiff, their principal, when they induced R. Hoe & Co. to cancel the policies in question; and plaintiff is accordingly entitled to recover.   (2 Chitty on Cont. 804; Pom. Eq. Juris. §§ 959, 1077; *Carter* v. *Palmer,* 8 C. & F. 657; *Holman* v. *Loynes,* 4 DeG., M. & G. 270; *H. M. L. A. Soc.* v. *Brinker,* 77 N. Y. 445; Meachem on Agency, §§ 454, 455; *Northrup* v. *G. F. I. Co.,* 19 Am. Law Reg. 293; *Hinckly* v. *Arey,* 27 Me. 362; *Cotton* v. *Halliday,* 59 Ill. 176; *Watkins* v. *Consall,* 1 E. D. Smith, 65.)   The plaintiff is entitled to recover from the defendants the amount which it lost through their violation of the duty which they owed the plaintiff.   (Sedg. on Dam. [6th ed.] 400; Story on Agency, § 217; *Marzette* v. *Williams,* 1 B. & A. 415.)

*T. Henry Dewey* for defendants.   There was no breach of duty on the part of the defendants.   (1 Addison on Torts, 2, 13, 15, 19; Cooley on Torts, 60; *O'Callahan* v. *Cronan,* 121 Mass. 114; *Mahan* v. *Brown,* 13 Wend. 261; *Rich* v. *N. Y. C. & H. R. R. R. Co.,* 87 N. Y. 390, 394; *Randall* v. *Hazleton,* 12 Allen, 412; 1 Pars. on Cont. 86; Pom. Eq. Juris. §§ 959, 1077; *Cotton* v. *Holliday,* 59 Ill. 176; *People* v. *Township,* 11 Mich. 222; Meachem on Agency, § 455; *Mayor, etc.,* v. *Cunliff,* 2 N. Y. 165; *Lossee* v. *Clute,* 41 id. 494; *Keeble* v. *Heckeringill,* 11 East. 576.)   The several constructions and implications made by the General Term, the trial justice and the plaintiff's counsel, are erroneous.   (*Beebe* v. *Johnson,* 9 Wend. 500; *Cobb* v. *Harmon,* 23 N. Y. 148; *Tompkins* v. *Dudley,* 25 id. 272; *Booth* v. *S. D. R. M. Co.,* 60 id. 487)   The law never implies a contract where one is expressed (*Calkins* v. *Falk,* 39 Barb. 620; *Dermott* v. *State,* 99 N. Y. 101; *Brant* v. *Geltson,* 2 Johns. Cas. 397.; *Post* v. *Robertson,* 1 Johns. 31; *Beebe* v. *Bank of New York,* Id. 571; *Douglass* v. *Satterlee,* 11 id. 29; *Kent* v. *Welch,* 7 id. 258; *Vanderkarr*

v. *Vanderkarr*, 11 id. 122; *Bell* v. *Dagg*, 60 N. Y. 530; *King* v. *Leighton*, 100 id. 386; 2 Greenl. on Ev. §§ 102, 103; 2 Addison on Cont. [ed. 1883] 54, 575; *Whiting* v. *Sullivan*, 7 Mass. 107; *M. G. Hospital* v. *Fairbanks*, 129 id. 78; Metcalf on Cont. 5, 6; 2 Pars. on Cont. 515; 1 id. 556; *Gavinzell* v. *Crump*, 53 Wall. 308; *Brown* v. *Spofford*, 95 U. S. 474; 1 Washb. on Real Prop. [4th ed.] 487; Story on Cont. § 11; *Church* v. *I. G. L. Co.*, 6 A. & E. 846–860; *Ogden* v. *Saunders*, 12 Wheat. 343; *Ex parte Ford*, L. R. [16 Q. B. Div.] 307.) The function of a court in giving construction to a contract is exhausted in finding out what the parties to the contract meant by the language used. (*Shaw* v. *H. L. Ins. Co.*, 49 N. Y. 681; *Fudickar* v. *G. M. L. Ins. Co.*, 62 id. 392; *Hale* v. *B. L. Ins. Co.*, 120 id. 294; *A. C. Bank* v. *Leonard*, 40 Barb. 119; *Coleman* v. *Beach*, 97 N. Y. 553; *French* v. *Carhart*, 1 id. 102.) The courts will not make contracts for the parties which they have not made for themselves, nor will they impose conditions or restrictions upon parties to the contract. (1 Pars. on Cont. 556; *Post* v. *Robertson*, 1 Johns. 28; *Reynolds* v. *C. F. I. Co.*, 47 N. Y. 597; *Newell* v. *Wheeler*, 36 id. 253; *Tompkins* v. *Dudley*, 25 id. 272.) Where parties enter into an agreement with express stipulations, there is a presumption that they have expressed all the conditions by which they intend to be bound. (1 Washb. on Real Prop. 487; *Newell* v. *Wheeler*, 36 N. Y. 250.) When a contract is drawn with technical accuracy and with obvious attention to details, and there is an absence of language tending to a conclusion that the covenant or promise sought to be set up was intended, such covenant or promise will not be implied. (*H. C. Co.* v. *P. C. Co.*, 8 Wall. 276; *Booth* v. *C. M. Co.*, 74 N. Y. 23; *Jugla* v. *Trouttet*, 120 id. 28.) If a contract could be implied from circumstances, every circumstance bearing upon the question of the intent should be considered, and what interpretation is to be put upon the instrument in connection with the surrounding circumstances is a mixed question of law and fact. (*Blossom* v. *Griffen*, 13 N. Y. 575; *Knapp* v. *Warner*, 57 id. 668; *Clark* v. *N. Y. L.*

*I. T. Co.*, 64 id. 33 ; *Woodruff* v. *Woodruff*, 52 id. 53 ; *White* v. *Hoyt*, 73 id. 505 ; *Springsteen* v. *Sampson*, 32 id. 703 ; *Reynolds* v. *C. F. I. Co.*, 47 id. 597 ; *Coleman* v. *Beach*, 97 id. 553 ; *French* v. *Carhart*, 1 id. 102.) Whether the contract was susceptible of the construction, or the law makes an implication, as held by the General Term, it is plain that the agreement of the parties upon the cancellation of the contract was intended to settle, close and obliterate every relation and obligation arising out of the contract, with one exception. (*H. M. L. A. Soc.* v. *Brinker*, 77 N. Y. 435 ; *Hale* v. *B. L. Ins. Co.*, 46 Hun, 274 ; 120 N. Y. 294 ; *Shaw* v. *H. L. Ins. Co.*, 49 id. 681 ; *Fudickar* v. *G. M. L. Ins. Co.*, 62 id. 402 ; *Meyer* v. *Hallock*, 2 Robt. 284 ; *Fullager* v. *Reville*, 3 Hun, 600 ; *Baker* v. *Ludlow*, 2 Johns. Cas. 290 ; *Lambert* v. *Warner*, 8 Johns. 120 ; *Sill* v. *Village of Corning*, 15 N. Y. 306 ; *Quinn* v. *Hardenbrook*, 54 id. 88 ; *Smith* v. *B. S. Bank*, 101 id. 62 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 id. 389 ; *People* v. *Angle*, 109 id. 575 ; 4 Abb. Dig. 323 ; *Newell* v. *Wheeler*, 36 N. Y. 244.)

Bradley, J. There was upon the evidence no controversy of fact, but the questions presented had relation to the legal consequences, as between the parties, of the action of the defendants in inducing and procuring the assured to surrender the plaintiff's policies of insurance, and to demand a rebate of the premium paid to it. The motive of the defendants for doing this does not appear further than may be implied from the fact that the defendants also induced R. Hoe & Co., the assured, to take in lieu thereof insurance in the Hartford Steam Boiler Insurance Company, which the defendants then represented. Their relation of agency to the plaintiff had terminated by the terms of their contract with it in that respect, and they had rightfully become the agents of the rival company in the business of like insurance. Their relation with the latter company required the defendants to subserve its interest faithfully and diligently ; and consistently with that relation, it was in the line of their duty to induce R. Hoe & Co. to take insurance in the company the defendants then rep-

resented.   But the question is whether any consideration was
due from them for the contracts they had, as agents for the
plaintiff, made while they held that relation to it.   They had,
pursuant to such agency and for it, insured the property of
Hoe & Co., and that was done under a contract by which they
were entitled to and did receive thirty percentum of the pre-
miums paid.   This was compensation for their skill and serv-
ices as agents of the plaintiff.   Although their fiduciary rela-
tion to the plaintiff had terminated, the contract of insurance
they in that character had made with the assured, remained only
partially executed, the time of its indemnity had not expired,
and as a consequence the premiums paid were not fully earned.
The defendants had, pursuant to their contract of agency with
the plaintiff, received thirty cents of every dollar of those
premiums.   They received this from the plaintiff in considera-
tion of the services by them performed in its business and
behalf by virtue of the contract between them.   The policies
of insurance were made subject to the right reserved to the
assured of surrendering them and having a rebate and reim-
bursement *pro tanto* of the premiums paid; and this without
prejudice to the defendants since they had fully performed the
services of creating the relation of insurer and assured.   This
is all they undertook to do for their stipulated compensation.
But when they had accomplished this were they at liberty to
defeat the purpose or duration of the contract of insurance and
retain the fruits of it to the prejudice of the plaintiff?   It quite
clearly seems that they could not do so without failure to
observe their obligation arising out of the contractual relation
which they had assumed with the plaintiff and pursuant to
which they made for it the contract of insurance.   When their
agency for the plaintiff terminated the unearned portion of the
premium upon the Hoe & Co. policies existed in the contract
executory in character, and of which the defendants had
received thirty per centum by virtue of their contract with the
plaintiff.   There is no well supported principle which would
enable them to take from the plaintiff the benefit of the con-
tract of insurance it had through them made, and retain the

portion of the consideration received by them, and which they had caused the plaintiff to restore to the assured. The question was not one of disability arising out of fiduciary relation; that had ceased to exist between the parties. It was one founded in contract pursuant to which the defendants had received compensation out of the proceeds of the transaction measured by the term of indemnity, and by causing the defeat of the operation of the contract of insurance they had created, before its stipulated period expired, and thus requiring the plaintiff to rebate a portion of the premium, they caused a partial failure of consideration of the contract they assumed to perform, and to the extent at least of the amount received by them of the sum which the plaintiff was thus required to refund, they became liable to reimburse it. The power of an agent to create rights by contract for his principal includes an implied duty to observe and not to defeat or destroy them. The facts in the present case did not necessarily require the conclusion of bad faith on the part of the defendants, although it may have been permitted. Nor was the action tried by the court upon the theory that they were chargeable with that imputation; and for that reason if for no other, there was no error or prejudice in the exclusion of certain evidence offered by the defendants. And the question was finally treated by the parties at the trial as one of law only. In that view the measure of damages as founded upon the contract between the parties, by which the defendants' agency was created and pursuant to which they issued the policies, was that which the court adopted in the direction of the verdict. And that amount the plaintiff was entitled to recover.

In legal contemplation the relief of the plaintiff from its contract of insurance was of some value to it at the time the policies were canceled, although it turned out that no loss would have been suffered if they had continued effectual until the end of the term for which they were issued.

The judgment should be affirmed, without costs in this court to either party.

All concur.

Judgment affirmed.