(161 App. Div. 439)

DEGNAN v. GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, LIMITED, OF PERTH, SCOTLAND.

(Supreme Court, Appellate Division, First Department.  March 6, 1914.)

1. INSURANCE (§ 84*)—AGENT'S CONTRACT—RIGHT TO COMMISSION.

Defendant's general agents, having employed plaintiff to secure applications for insurance, agreed to pay him 25 per cent. of premiums received on applications which he secured.  Plaintiff secured two applications for liability insurance, on which policies were issued, but before they expired, defendant's general agents were changed, and insured procured from the new agents cancellation of the policies and the issuance of new ones for the balance of the term, because they did not wish further dealings with plaintiff.  *Held*, that plaintiff, having received commissions on the policies issued to the date of cancellation, was not entitled to recover commissions on the new policies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 126; Dec. Dig. § 84.*]

2. INSURANCE (§ 84*)—AGENCY CONTRACT—SUBAGENTS—COMMISSIONS.

Defendant, a foreign general insurance company, employed certain general agents to obtain insurance, agreeing to pay 35 per cent. of the premiums received.  The agents employed plaintiff to solicit risks, agreeing to pay him 25 per cent.  Plaintiff received certain liability applications, on which policies were issued by the agents, for which plaintiff received commissions accruing to the date of cancellation before the policies expired, prior to which the agency was changed and new agents appointed, who issued new policies for the balance of the term at the request of the insured.  *Held*, that there was no contractual relation between plaintiff and defendant, and, defendant having paid the whole commission to its agents, plaintiff could not recover commissions on premiums received after cancellation of the original policies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 126; Dec. Dig. § 84.*]

Appeal from Trial Term, New York County.

Action by Joseph Degnan against the General Accident, Fire & Life Assurance Corporation, Limited, of Perth, Scotland.  From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals.  Reversed and dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Stephen P. Anderton, of New York City, for appellant.
Lemuel E. Quigg, of New York City, for respondent.

McLAUGHLIN, J.  The defendant is a foreign corporation, and in 1911 was represented in this country by Duer & Gillespie, as general agents of its liability insurance department.  Duer & Gillespie entered into an arrangement with the plaintiff by which they agreed to pay to him 25 per cent. of premiums received for insurance issued upon his application.  Subsequent to this agreement he produced two applications for liability insurance, one by the Degnon Contracting Company and the other by James Pilkington, to cover risks incurred in connection with certain work carried on by them.  The policies were issued by Duer & Gillespie in the name of the defendant, one to the Con-

―――――――――――――――――――――――――――――――――――――――――――――――
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tracting Company for a period of one year from October 31, 1911, and the other to Pilkington for one year from November 17, 1911. The premiums upon each policy were fixed at a certain percentage of the monthly pay rolls of the assured. After the policies were issued the John A. Kelly Company succeeded Duer & Gillespie as defendant's general agent. In February, 1912, the Contracting Company and Pilkington, by their representatives, requested the Kelly Company to cancel the policies theretofore issued by Duer & Gillespie and issue similar one for the balance of the term. The reason this change was requested was stated to be that each assured did not wish to have any further dealings or connection with the plaintiff, the one who had procured the insurance. The John A. Kelly Company at first declined to issue new policies to take the place of the old ones, but finally did, on being told if they did not do so the assured would insist upon a cancellation, and procure insurance from another company. The policies were canceled on the 1st of March, 1912, and new ones issued for the balance of the year, which were in all respects like the old, except a different person was mentioned as broker. The plaintiff has received his commission upon the policy issued to the Contracting Company to the date of cancellation. He brings this action to recover commissions alleged to have accrued on both policies after the cancellation, and also for commission on the Pilkington policy prior to that time. No proof was offered to the effect that the premium on the Pilkington policy was ever collected for the period prior to the cancellation. He had a recovery, and the defendant appeals.

[1] I am of the opinion that the judgment is erroneous. Plaintiff was not entitled to commissions upon premiums received after the cancellation. His only right to commissions was upon premiums paid upon policies written by Duer & Gillespie. These policies contained the usual clause, giving the right of cancellation to both the assured and the company. The fact is undisputed, and the court so instructed the jury, that if the assured exercised this right, and the Insurance Company in canceling the policies acted in good faith, then the plaintiff was not entitled to recover. Had the jury followed such instruction, then a verdict would have been rendered for the defendant, because the evidence is uncontradicted that the cancellation took place solely at the instance of the assured, and that the defendant acted entirely in good faith in finally acceding to the request to cancel. A finding to the contrary is without evidence to support it. As already stated, it at first declined to cancel, and only agreed to do so by the assured's saying that, unless it did, it would procure insurance elsewhere. The record is barren of any evidence tending to show that the Insurance Company acted in bad faith towards the plaintiff, or had any interest in the cancellation other than to preserve its own business.

[2] Not only this, but the proof established that the defendant never obligated itself to pay him any commissions whatever. His agreement was with Duer & Gillespie. It agreed to pay him 25 per cent. of the premiums received, and up to the cancellation of the policies that amount was received by him. Frederick G. Gillespie was sworn as a witness on behalf of the plaintiff, and testified that Duer & Gilles-

pie, as the general agents of the defendant, received a commission of 35 per cent., which "was all the company was to pay for getting the business"; that 35 per cent. was paid to Duer & Gillespie, and out of such payment it had to pay whatever commissions were paid for getting the business. The defendant has paid to Duer & Gillespie 35 per cent. of the premiums received prior to the cancellation. This is all that it ever agreed to pay to any one. Of this sum the plaintiff has received 25 per cent., all that Duer & Gillespie agreed to pay to him. He was not entitled to commissions upon premiums thereafter paid.

Attention is called to several alleged errors in the charge which would require serious consideration except for the conclusion reached.

The judgment and order appealed from are reversed, with costs, and the complaint dismissed, with costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. LAUGHLIN, J., concurs on first ground.