AERO INSURANCE COMPANY, Plaintiff, *v.* STANLEY RAND, Defendant.

First Department, July 1, 1932.

*James M. Lown* of counsel [*Cabell, Ignatius & Lown,* attorneys], for the plaintiff.

*William S. Coleman* of counsel [*Franchot & Warren,* attorneys], for the defendant.

TOWNLEY, J.   On May 29, 1929, the plaintiff, which is a domestic fire and marine insurance company specializing in aviation insurance, appointed the defendant its general agent under the terms and conditions of a written contract.   Thereafter plaintiff issued through the defendant as its agent certain policies of insurance and paid defendant his commissions pursuant to the agency contract.   These policies were issued covering aviation hazards of the New York, Rio & Buenos Aires Line, Inc.

After the policies were placed, the assured corporation merged with Pan American Airways, Inc.   The new company negotiated with plaintiff looking toward the cancellation of the accidental damage coverage in certain policies.   As a result of these negotiations, plaintiff agreed to cancel the policies mentioned covering the hazard of accidental damage at short rates.   Upon this cancellation, plaintiff repaid to the Pan American Airways, Inc., the unearned premium on the accidental damage risk amounting to $10,972,06.   The defendant's commission which had been paid on the amount returned amounted to $1,194.51.   This action is to compel defendant to repay to plaintiff this return commission by virtue of the terms of the agency contract.

On all the aviation policies there was a stamped rider entitled " Minimum Earned Premium " which, in so far as relevant to this case, reads as follows: " It is further understood and agreed that if these policies cover Accidental Damage (' B ' of the Schedule of Coverage) the specific premium charge set opposite thereto is the minimum charge for the insurance specified; and that no return premium shall be due under Coverage ' B ' in the event of the Insured requesting cancellation of the policy, notwithstanding any policy conditions to the contrary.

" In the event of cancellation by the Companies of any one or more of the coverages provided in the Schedule of Coverage or by endorsement, a *pro rata* return premium shall be allowed the Insured."

There was no obligation on the part of plaintiff to return unearned premiums covering accidental damage.   The plaintiff, however, chose to return such moneys.   The question is whether the exercise of that option is binding on the defendant.

The only reference in the agency contract to the return of commission is found in paragraph 14 and reads as follows: " In the

event of cancellation of any contract of insurance, or if a refund premium is found due the assured on any policy after the termination of the agency, it is understood and agreed that the General Agent shall return to the Company a *pro rata* portion of commission on that part of the premium on which *it may be necessary for the Company to refund to the assured,* provided always that this stipulation shall not apply to contracts cancelled and rewritten through another agency." (Italics added.)

It is our view that under the policies the plaintiff was under no obligation to make the refund which it voluntarily did make, and that, therefore, it cannot be deemed that it was *necessary* for the company to make it to the assured within the meaning of paragraph 14 of the agency contract. Hence there is no basis for a suit under the contract of agency.

The defendant is, therefore, entitled to judgment dismissing the complaint, with costs.

FINCH, P. J., MERRELL, MCAVOY and MARTIN, JJ., concur.

Judgment directed for defendant dismissing the complaint, with costs. Settle order on notice.