THE HAGAN CORPORATION, Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Respondent. (Action No. 1.)*

THE HAGAN CORPORATION, Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Respondent. (Action No. 2.)*

THE HAGAN CORPORATION Appellant, *v.* THE TRAVELERS INDEMNITY COMPANY, Respondent. (Action No. 3.)*

First Department, January 19, 1934.

* Affd., 264 N. Y. 635.

*Robert H. Elder* of counsel [*Otho S. Bowling* with him on the the brief; *Robert H. Elder*, attorney], for the appellant.

*William J. Moran*, for the respondents.

O'MALLEY, J.   Under its contract with the defendant insurance companies, the plaintiff corporation, an insurance broker, was entitled to a certain percentage of the premiums collected from the insured on policies negotiated by the plaintiff and issued by the defendants.   Upon all premiums paid voluntarily by the insured the plaintiff has received full payment from the defendants.   These three actions which were tried together before the court without a jury are brought to recover plaintiff's percentage of moneys collected by the defendant companies in actions brought by them against the insured, which actions resulted in judgments in favor of these defendants.

The actions here brought have been successfully defended in the trial court upon the theory that the moneys recovered by the defendant insurance companies against the insured represented, not premiums upon which the plaintiff is entitled to commissions under its contract with the defendants, but dmaages resulting from a conspiracy entered into by the insured and others to defraud the defendant companies out of premiums justly due to the insurers.

Plaintiff, appellant, while conceding that the judgments recovered by the defendants against the insured represent damages sustained by the insurers, contends that the damages recovered were measured by the amount of premiums justly due and payable under the policies and that, therefore, it is entitled to its commissions upon the judg-

ments represented by the moneys recovered. Our conclusion is that the position of the plaintiff, appellant, must be sustained; and, therefore, the judgments dismissing the complaints should be reversed and judgments granted in favor of the plaintiff.

The policies in question were issued to a corporation known as Edward A. Thompson, Inc., which conducted a stevedoring and trucking business. The policies issued by the defendant, the Travelers Insurance Company, in actions Nos. 1 and 2, were automobile public liability policies upon which the plaintiff was entitled to seventeen and one-half per cent of the gross premiums; workmen's compensation and employers' liability policies upon which the plaintiff was entitled to ten per cent, and employers' public liability policies upon which the plaintiff was entitled to seventeen and one-half per cent when such premiums were paid and actually collected. The policy issued by the defendant Travelers Indemnity Company, in action No. 3, covered automobile property damage, collision and glass damage and upon this the plaintiff was entitled to twenty per cent of the gross premiums when paid and actually collected. As already noted, upon all premiums paid voluntarily by the insured and collected by the defendants, the plaintiff has received its full commissions.

Upon the policies in question premiums payable by the insured were based upon the size of the payrolls of the insured, the amount of its equipment in use and other elements not necessary to specify. Some time after the policies had been in operation the defendant insurance companies brought suits against the insured corporation, Edward A. Thompson, Inc., and two of its officers, in which actions the complaints charged that the insured and its two officers had conspired to defraud the insurance companies by falsifying its books; by concealing its true books; misrepresenting the extent of equipment in use; the size of its payrolls and had conspired to cause the insured to breach its contract with the insurers; that pursuant to the conspiracy, said defendants had made false book entries, concealed the true books of the insured, and had exhibited false books and misrepresented the premiums due. The actions sought recovery from the insured and its two officers of a total sum representing the difference between the premiums disclosed and paid and the premiums actually earned.

As in the case before us, there were three separate actions, one brought by each of the defendants herein, predicated upon such conspiracy. Their trial resulted in judgments against the insured and its officers individually in the sum of $24,051.17 in one action; $60,535.31 in another, and $3,636.02 in the third, all of which included interest and costs. The plaintiff here sues to recover its

agreed commissions on these several amounts, less the amount of costs taxed, but including interest upon the amount of the judgment from the date of entry.

In the opinion written by the learned justice who tried these so-called tort or conspiracy cases, it was stated, with respect to the damages to which the insurance companies were entitled, that those " damages are to be measured by the amount to which the plaintiffs [insurance companies] would have been entitled upon the correct books, as diminished by the amount of the payments heretofore actually made." The judgments so recovered were affirmed by this court (*Travelers Ins. Co.* v. *Thompson, Inc.*, 228 App. Div. 607).

The respondent defendants here seek to support the judgments appealed from upon the ground, among others, that its client, the insured, Edward A. Thompson, Inc., breached its contract " to pay the premiums in accordance with the terms of the said policies " and that as the evidence warrants a finding that the insured never intended to carry out its contract to pay premiums as required, the plaintiff, as broker, failed to establish that it effected a " meeting of the minds " between the insured and the insurers, and, therefore, failed to establish one of the necessary elements of its cause of action. In answer to this it is but necessary to note that defendants at all times treated the policies as valid and accepted premiums voluntarily paid by the insured; and, upon such premiums so collected, paid to the plaintiff its commissions. Having recognized the plaintiff's right to recover under its contract of brokerage for one purpose, it may not be heard to say that the plaintiff is not entitled to recover its commissions upon all premiums received by the defendants, if they are to be considered as premiums. If under this brokerage contract and the policies as issued to the insured the defendants have been made whole, certainly it would be unjust and inequitable to deny the plaintiff equal relief. The mere fact that the actions against the insured were not for premiums as such should not deprive the plaintiff of its right to relief.

As already noted, we are of opinion that the damages represented by the judgments recovered by the insurance companies in the tort actions were measured by the difference between the premiums actually paid by the insured and those which it should have paid under its contract. The actions in which such judgments were recovered were predicated upon such measure of damages and the award was made upon the defendants' own theory. And this is true, even though the actions out of which the judgments arose were in tort, to which two of the insured's officers were made parties by reason of an alleged conspiracy.

We now come to the question of whether the plaintiff is entitled

to recover commissions upon the gross amount of the judgments recovered and collected by the defendants, or whether the latter are entitled to have deducted therefrom attorneys' fees amounting to some $34,000, or nearly one third of the amount recovered. Defendants' evidence tended to show that they engaged special counsel upon a contingent basis.

The defendants themselves offered evidence to the effect that in fixing the rate of compensation to be paid a broker in effecting various types of insurance, there is taken into consideration all the expenses incident to bringing the premium into the defendant companies. This included the services of a legal staff. There can be no doubt that in the ordinary case where special counsel have not been retained, a broker would, therefore, not be compelled to bear the proportionate share of such overhead. The fact that in the present instance the defendant companies engaged outside counsel at an additional expense should not change the rule.

In other cases there would be no expense whatever for the reason that premiums would be promptly and properly paid without resort to any action on the part of the carriers. It may be that the additional cost here recovered might well be considered in fixing a new and future rate for brokerage fees. However, under plaintiff's contract with the defendants, it was entitled to a certain percentage of the gross premium collected by the defendants. By the contract of the parties the plaintiff was not to bear any proportionate cost of procuring the insurance or collecting the premiums therefor.

As defendants in their judgments collected interest on an amount equivalent to the premiums that should have been paid them, such interest must be deemed to be part of the gross premiums collected. The plaintiff, therefore, is entitled to recover its proper percentage in each case of the amounts collected, together with interest from the date of such collection, February 25, 1930, together with costs.

The judgments should, therefore, be reversed, with costs, and judgments entered in favor of the plaintiff in accordance with this opinion, with costs.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgments reversed, with costs, and judgments entered in favor of the plaintiff in accordance with opinion, with costs. Settle orders on notice.