RICHARD A. CLINCHY, Respondent, *v.* GRANDVIEW DAIRY, INC., Defendant, and FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

Argued March 7, 1940; decided April 23, 1940.

*Raymond D. O'Connell* for appellant. **No** cause of action was established against the fidelity company. (*Morris* v. *Home Ins. Co.*, 78 Misc. Rep. 303; *Northrup* v. *Piza*, 43 App. Div. 284; 167 N. Y. 578; *Marine Nat. Bank* v. *National City Bank*, 59 N. Y. 67; *Rosenstein* v. *McCutcheon*, 155 App. Div. 278; *Hart* v. *Cort*, 83 Misc. Rep. 44.) The courts below erred in testing plaintiff's right to recover against the fidelity company by the " procuring cause " rule. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Duckworth* v. *Rogers*, 109 App. Div. 168; *Crasto* v. *White*, 52 Hun, 473; *Eichenbaum* v, *Taxicab Independent Owners*

*Auto Mutual Casualty Co.*, 136 Misc. Rep. 58; *Ashfield* v. *Case*, 93 App. Div. 452.) Plaintiff, as a matter of law, was not the procuring cause of the acceptance of the policies, and the complaint should have been dismissed as against the fidelity company. (*Erlen* v. *National Union Fire Ins. Co.*, 18 Pac. Rep. [2d] 660; *Degnan* v. *General Accident F. & L. Assur. Corp.*, 161 App. Div. 439; *Sampson* v. *Ottinger*, 93 App. Div. 226; *Witherbee* v. *Walker*, 93 Pac. Rep. 1118.)

*Fred Flatow, Henry H. Abramowitz* and *Hyman I. Kones* for respondent. Plaintiff established a *prima facie* case. (*Arndt* v. *Miller*, 95 N. Y. Supp. 604; *Northrup* v. *Piza*, 43 App. Div. 284; 167 N. Y. 578.) Plaintiff was the procuring cause of the issuance of the policies by the appellant. (*Goodman* v. *Marcol, Inc.*, 261 N. Y. 188; *Iselin & Co.* v. *Jaretzki*, 230 App. Div. 102; *Kassiel* v. *New York Dock Facilities Corp.*, 246 App. Div. 844; *Holmes* v. *Erickson*, 55 App. Div. 623; *McLaughlin* v. *Southern Hotel Co.*, 188 App. Div. 679; *Southwich* v. *Swavienski*, 114 App. Div. 681; *Sheldon* v. *Mitchell*, 173 App. Div. 882; *Mackay* v. *Tidewater Oil Co.*, 186 App. Div. 1; *Myers* v. *Batcheller*, 177 App. Div. 47; *Dreyer* v. *Rauch*, 42 How. Pr. 22; *Bickart* v. *Hoffman*, 19 N. Y. Supp. 472.)

CONWAY, J. The plaintiff is a licensed insurance broker who was engaged by the defendant, Grandview Dairy, Inc., hereinafter referred to as dairy company, to obtain insurance for it. The insurance was to be of two kinds, public liability and property damage insurance and workmen's compensation insurance. Similar previous insurance in a company other than the defendant Fidelity and Casualty Company of New York, hereinafter referred to as insurance company, had been canceled for non-payment of premiums.

Plaintiff brought about a conference at which there were present the plaintiff and representatives of the dairy company and of the insurance company. The meeting occurred on November 19, 1937 and at its conclusion the risks were

bound by telephone, the public liability and property damage insurance as of four P. M. on that day and the workmen's compensation insurance as of November 22, 1937. Later, written binders were prepared by the insurance company and received by plaintiff in the mail on the following morning, November 20th. On that morning the dairy company's representative telephoned the insurance company. He stated that his company was willing to take the insurance only upon condition that one Herman Ringe was the broker. Plaintiff, having been advised of the conversation by insurance company, visited the dairy company's representative and was told that Ringe was being substituted in place of plaintiff for political reasons. On the following Tuesday, November 23rd, plaintiff returned to insurance company the two binders without having delivered them to the dairy company. No policies were ever issued in connection with those binders. Each provided that it was " subject to the conditions of the Company's policy of the kind specified " and such policies, as later issued to dairy company superseding similar binders, provided that insured could cancel them at any time.

On or about November 22, 1937, insurance company issued two new binders upon which the name of Ringe appeared as broker and those binders were superseded by insurance policies, the one for public liability and property damage having an effective date of November 19th and the workmen's compensation policy an effective date of November 22nd. Premiums were paid on those policies until their later cancellation and the commissions on the premiums so collected were paid to Ringe. Plaintiff sued insurance company for commissions on the theory that the insurance company had agreed to issue, and the dairy company to take, policies of insurance for one year.

There is no question presented on this appeal as to the right of the plaintiff to proceed against the dairy company nor as to the good faith of the insurer in connection with the change of brokers by the dairy company.

Plaintiff was the agent of the dairy company and not of the insurance company although the latter paid his commission. (*Northrup* v. *Piza*, 43 App. Div. 284; affd., 167 N. Y. 578.) Plaintiff realized that, as he pleaded that he was employed by dairy company and admitted that it was not important to him which company wrote the insurance, so long as it was a sound one.

An insurance company must deal with the broker selected by the insured, if it wish to write the insurance. The insured may change his broker whenever he wishes and for such reasons as appear sufficient to him, or for no reason at all, as far as the insurance company is concerned. Dairy company discharged plaintiff as broker and so advised insurance company. The latter was not then obligated to conduct an inquiry as to whether the insured acted in good faith. Its duty was to accede to the wishes of its insured or to refuse to write the insurance.

In *Sampson* v. *Ottinger* (93 App. Div. 226) plaintiff was a real estate broker. He had a conversation with defendants with reference to the real property involved. Defendants told him that if he produced a purchaser and terms were mutually agreed upon, they would pay him a commission. Plaintiff thereupon informed them that his prospective purchaser was Houpt & Son. Houpt & Son, however, refused to have anything to do with the purchase if plaintiff were to be the broker. It was held that under those circumstances defendants were at liberty to sell the property to Houpt & Son without liability to plaintiff as broker. To the same effect see *Witherbee* v. *Walker* (42 Col. 1).

A somewhat similar situation was involved in *Degnan* v. *General Acc. F. & L. Assur. Corp.* (161 App. Div. 439; affd., 221 N. Y. 484). There defendant was notified by the insured to cancel its policy and to issue another policy in its place through a different broker. This the insurer did, paying the plaintiff, the first broker, commissions only up to the time of cancellation. It was held that plaintiff was not entitled to recover from the insurer commissions after the effective date of the cancellation in the absence of bad faith on the part of the insurer.

The facts in the case at bar are practically the same as in Erlin v. National Union Fire Ins. Co. (217 Cal. 374). There an insurance broker learned that a finance company was about to change its insurer. The finance company gave plaintiff its consent to go into the insurance market and obtain an offer of insurance for it. This plaintiff did. The finance company then became dissatisfied with plaintiff's conduct and notified the insurer that it would not place any insurance if plaintiff were to receive any commission thereon. The insurer issued the policies through another broker who had been designated by the finance company. The Supreme Court of California held that the broker had no cause of action against the insurer, saying, " Assuming that the conduct of the finance company amounted to bad faith, such bad faith on its part alone would not justify a judgment against this defendant on that ground."

The judgments should be reversed, with costs in all courts to the appellant, and the complaint as against The Fidelity and Casualty Company of New York, dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Judgments reversed, etc.