RICHARD A. CLINCHY, Respondent, *v.* GRANDVIEW DAIRY, INC., Appellant.

First Department, May 29, 1941.

*Benjamin L. Tell*, for the appellant.

*Fred Flatow* of counsel [*Henry H. Abramowitz* and *Hyman I. Kones* with him on the brief; *Macpeak, Flatow & Abramowitz*, attorneys], for the respondent.

PER CURIAM. The evidence produced upon the present trial justified a finding by the jury that plaintiff, an insurance broker, was engaged by the defendant to secure public liability and property damage insurance; that after several weeks' work the plaintiff secured from the Fidelity & Casualty Company of New York an agreement to insure said risks, and defendant agreed, without reservation, on November 19, 1937, to accept such policies. Binders were issued by the insurance company mentioned. On November 20, 1937, defendant's office refused to accept the policies unless

the insurance company substituted another broker in place of plaintiff, giving as its sole reason for making such substitution that the second broker could be of political assistance to defendant. Different policies were thereupon issued by the insurance company through the second broker on the same terms and at the same rates as those previously accepted as a result of plaintiff's efforts.

Upon a former appeal we upheld a judgment holding the insurance company liable to plaintiff and reversed a judgment dismissing plaintiff's complaint against the present defendant (257 App. Div. 300). The insurance company appealed to the Court of Appeals, which reversed our determination as to it, and held the insurance company was justified in issuing the policies through the new broker and incurred no liability to plaintiff thereby. (See *Clinchy* v. *Grandview Dairy, Inc.*, 283 N. Y. 39.)

No appeal was taken to the Court of Appeals by the present defendant, the insured. The action as against it has since been retried, and the jury having found for plaintiff as above indicated, defendant appeals. We see no reason to disturb the jury's determination of the factual issues presented. As to the issue of law concerning defendant's liability, we are of the opinion that by its conduct the defendant became liable to plaintiff for damages for breach of contract, and that the measure of damages was the amount of · commissions plaintiff would have earned from the insurance company had the defendant performed its contract. The principle to be applied is that where a broker has been employed and has completed his work, his efforts may not be rendered futile by the fault of the employer so as to deprive him of his commissions. (See *Goodman* v. *Marcol, Inc.*, 261 N. Y. 188.)

The policies issued contained clauses permitting the insured to cancel them, and pursuant to such authority defendant exercised the right of cancellation several months after the policies were issued. Accordingly, the damages which plaintiff recovered were properly limited to commissions on premiums earned up to the time of cancellation.

The judgment should be affirmed, with costs.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously affirmed, with costs.