WALTER G. KEYSER & Co., INC., Respondent, *v.* INSURANCE COM-
PANY OF NORTH AMERICA, OF PHILADELPHIA, PENNSYLVANIA,
Appellant.

First Department, December 22, 1944.

*Frank Sowers* of counsel (*James H. Black* with him on the brief; *Affeld, Sowers & Herrick,* attorneys), for appellant.

*Joseph Greenhill* of counsel (*Simon Greenhill* with him on the brief; *Greenhill & Greenhill,* attorneys), for respondent.

DORE, J.  Plaintiff, an insurance broker, maintains this action against defendant, an insurance company, for $32,149.81 additional commissions claimed to be due the broker for procuring a fire insurance policy from defendant as insurer to the broker's client, the National Dairy Products Corporation, as insured. After a trial before the court and a jury, the jury returned a verdict in plaintiff's favor for the full amount claimed and a verdict in favor of plaintiff on defendant's counterclaim.  The trial court, after denying defendant's motion to set aside the verdict, also denied defendant's motions, on which decision had been reserved, to direct a verdict for defendant and dismiss the complaint.  Judgment was entered in plaintiff's favor on the jury's verdict with interest and costs in the sum of $39,723.76, and judgment for plaintiff on defendant's counterclaim.  Defendant appeals.

On plaintiff's motion for summary judgment, this court previously affirmed an order denying the motion (*sub nom. Beidler & Bookmyer, Inc.,* v. *Insurance Company of North America,* 266 App. Div. 770).  On a previous trial, the jury disagreed.

The policy dated February 3, 1940, in form was a three-year fire insurance policy in a total amount of $95,000,000 characterized in the policy as "Provisional".  It was not the ordinary fire insurance policy covering a specifically identified property at a fixed single premium but covered real and personal property of every kind, buildings, merchandise and equipment owned by the insured and its one hundred subsidiaries in about two thousand places throughout the United States and Canada, including after-acquired property; and, as hereinafter more fully indicated, monthly reports were required on certain changes in values.  The only premium fixed in amount was the "Advanced Premium $164,646" on which plaintiff concededly was paid commissions in full in the sum of $16,289.45, and plaintiff's judgment for almost $40,000 is in addition to this sum.

The policy contained a cancelation clause providing that either party might cancel on a prorata basis on thirty days' notice.  Acting under this clause, the insured, the broker's client, canceled as of December 1, 1940, prior to the end of the ten months' period referred to in the policy.  Previously, the

insurer had sent notices of cancelation as of December 3, 1940, the end of such ten months' period. Finally, both insurer and insured signed a stipulation that the policy be canceled as of December 1, 1940, and it was so canceled. No issue was raised at trial as to defendant's good faith in connection with the cancelation.

Plaintiff's recovery of additional commissions is based on the theory that the $16,289.45 commissions previously paid to plaintiff when the policy issued was only one third, paid on account, of the total commissions due on a full three-year premium under a three-year policy although no three-year premium was ever earned or paid to the insurance company; and that the additional commissions reflected by the jury's verdict were the remaining two thirds of such total commissions.

Plaintiff contends that the policy was treated between the insurer and the insured as one for three years with a " paid in premium of approximately $500,000 "; that the broker having procured a complete agreement for a three-year coverage between the insurer and the insured had done all the broker was required to do and was entitled to full commissions on a three-year policy; and that in the absence of any express agreement otherwise, the broker was not limited to commissions on the premium earned up to the time of cancelation.

Defendant contends that it paid in full all commissions due the broker on the only premiums stated in the policy or ever agreed on, earned or paid; that the broker's right to commission was limited to commission paid on premiums earned up to the time of cancelation; and that the broker having advised the insured to cancel before the end of the interim period of ten months had no right to compensation subsequent to the effective date of cancelation by its own principal.

The record establishes there never was any " paid in premium of approximately $500,000 " or any premium finally agreed on or paid to the insurance company except the advanced premium of $164,646 and the premium adjustments made on monthly reports. Before plaintiff could recover on its own theory, for additional commissions based on premiums for the balance of the three-year period, plaintiff had the burden of proving a meeting of the minds of the parties on the price of the insurance, viz., the premium agreed to be paid by the insured and required to be accepted by the insurer for coverage during the balance of such three years. All the evidence and the documents in plaintiff's, as well as in defendant's case, fail to show that the parties ever fixed any premium or any rate for any

period except the ten months or less of interim coverage, or any formula by which the premium for the balance of the term could be unconditionally calculated and fixed.

During the interim period, the parties were to agree, if possible, on a rate and premium to be applied thereafter. The insurer, if possible, was to keep the rate on the low basis fixed for the interim period; but it did not unconditionally bind itself to do so. The insured, if the rate was increased, did not bind itself to accept any higher or different rate. In fact, the insurer did submit proposals fixing premiums for the balance of the three years but at a higher rate and premium. Plaintiff submitted these proposals to its own client, the insured, and they were considered and discussed between the parties; but the proposals were not acceptable to the insured and the insured canceled before the end of the interim period. On plaintiff's own theory of the law applicable to the case, we find the jury's verdict in plaintiff's favor is not only against the weight of the evidence but is contrary to the evidence.

In *A. S. B. Ins. Co.* v. *Anderson et al.* (130 N. Y. 134) relied on by plaintiff, all the terms of the insurance were complete at inception.

In *Riker & Co., Inc.,* v. *Albright* (258 App. Div. 494) this court reversed a judgment entered on a jury's verdict in favor of plaintiff, a broker, and dismissed the complaint on the ground the evidence failed to show a meeting of the minds of the parties since the offer made was conditional and the condition never accepted by defendant. Here the three years' insurance was conditioned on defendant's willingness to continue the insurance beyond the interim period at the low rate fixed for that period or on the willingness of the insured to pay more if defendant raised the rate or premium. The evidence shows without contradiction that neither condition was fulfilled or realized.

But that is not all. This policy included property after acquired and the insured through its broker was to notify the insurer of such after-acquired property and the policy was to be increased pro rata. It also provided that stock values in warehouses not owned or leased by the insured should be reported monthly as the basis of premium adjustments. During the months the policy was in effect plaintiff, as broker, sent the insurance company such required reports of changes in values and computed premium adjustments and commissions thereon accordingly. This report practice was recognized by indorsement signed by the insured and the insurer and annexed to the policy. No reports were made after cancelation. The coverage

of $95,000,000 was characterized in the policy itself as "Provisional", the rate as "Various". The policy clause that made the advance premium fully earned if the policy remained in force for ten months was specifically subject to adjustments due to "increases or decreases in values reported by the insured."

In *Indemnity Insurance Company of North America* v. *Ryan Co.* (242 App. Div. 623) two sets of policies, so-called audit and nonaudit, were involved. In the nonaudit policies the premiums were specified and were final except as to reinspection by the insurance company of the premises which was to be made forthwith. In the audit policies the final premium was determined by audit of the insured's books of account. It was held that brokerage commissions could not be allowed on premiums calculated on the basis of audits that had never been made because the insurance company had canceled. So in the present policy premiums in part at least were dependent upon values to be reported periodically and, as indicated above, they were so reported and premiums readjusted accordingly.

Where the broker sues the insured for commissions it has recently been held that the broker is limited to commissions earned prior to cancelation. (*Clinchy* v. *Grandview Dairy, Inc.*, 262 App. Div. 51, First Department, affd. 288 N. Y. 502.) In that case, as in this, the policy provided that either party had the right to cancel. This court said: "The policies issued contained clauses permitting the insured to cancel them, and pursuant to such authority defendant exercised the right of cancellation several months after the policies were issued. Accordingly, the damages which plaintiff recovered were properly limited to commissions on premiums earned up to the time of cancellation." (See, also, *Arndt* v. *Miller, Daybill & Co.*, 48 Misc. 612, Appellate Term, First Department; *John A. Eckert & Co.* v. *Pathé Frères*, 174 N. Y. S. 740, affd. 184 App. Div. 937; *Degnan* v. *General Acc., F. & L. Assur. Corp., Ltd.*, 161 App. Div. 439, affd. 221 N. Y. 484.)

This case is unique in many respects and we confine our ruling to its particular facts, but on facts that are uncontradicted we hold as a matter of law that this plaintiff was limited to commissions on premiums fixed and earned before cancelation of the policy. For all such commissions plaintiff has been paid in full and on plaintiff's claim the trial court should have granted defendant's motion for direction of a verdict.

About eleven months after cancelation, defendant, after negotiations, finally accepted the insured's method of computing the

unearned premium to be returned, waived its claim previously made for an additional premium after cancelation, and paid the insured a refund of $26,571.57. On this payment defendant counterclaims for $2,556.48 claimed to be part of the commissions paid to plaintiff on the amount refunded the insured.

While defendant's waiver in favor of its insured made almost a year after cancelation did not create any rights in the plaintiff where none had theretofore existed, it could not impose any burden on plaintiff that it had not theretofore assumed. (*Aero Insurance Co.* v. *Rand,* 236 App. Div. 286.) Plaintiff had been paid commissions not on the basis on which the refund was made, but only on the premium stated in the policy for the interim period and in indorsements of additional values reported while the policy was in force. The counterclaim was properly dismissed.

The judgment appealed from in plaintiff's favor should be reversed, with costs, the defendant's counterclaim dismissed and judgment entered in defendant's favor dismissing the complaint, with costs.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment appealed from in plaintiff's favor unanimously reversed, with costs, the defendant's counterclaim dismissed and judgment entered in defendant's favor dismissing the complaint, with costs. Settle order on notice.