NATIONAL BROKERAGE CORPORATION, on Behalf of Itself and All Others Similarly Situated, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.

Argued November 26, 1945; decided January 17, 1946.

*Norman Winer* and *Alfred B. Nathan* for appellant. I. The insurance company is absolved only if its good faith is established. (*Clinchy* v. *Grandview Dairy, Inc.,* 283 N. Y. 39; *Kirke La Shelle Co.* v. *Armstrong Co.,* 263 N. Y. 77; *Wigand* v. *Bachmann-Bechtel Brewing Co.,* 222 N. Y. 272.) II. Summary judgment for the period between May 21, 1941, and August 2, 1941, during which the insurance policies were in effect, was erroneous. III. Summary judgment cannot be granted to the insurance company where the issue is one of good faith, unless the good faith can be conclusively established by documentary evidence.

(*Levine* v. *Behn,* 282 N. Y. 120; *Hirsch* v. *Jones,* 191 N. Y. 195; *Tousey* v. *Hastings,* 194 N. Y. 79; *Kiernan* v. *Krauth,* 242 App. Div. 772; *Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108.) IV. There is no contrary law of the case.

*John G. Donovan* and *Louis P. Galli* for respondent. I. The action has no merit because the insurance broker has failed to come forth with any proof of the cause of action sued upon. (*Burgin* v. *Ryan,* 238 App. Div. 122; *Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220.) II. It is the law of this case that the insurance company's bad faith is not in issue. (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Degnan* v. *General Acc., F. & L. Assur. Corp., Ltd.,* 161 App. Div. 439, 221 N. Y. 484.) III. Even if the insurance company's bad faith were in issue, the broker has shown no facts constituting bad faith, or facts from which bad faith can be inferred. IV. The broker is not entitled to summary judgment for the period from May 21, 1941, to August 2, 1941, in which the policies were in effect. V. The court below properly granted the company's motion for summary judgment. (*Chance* v. *Guaranty Trust Co.,* 173 Misc. 754, 282 N. Y. 656; *Levine* v. *Behn,* 282 N. Y. 120; *O'Brien* v. *American Beverage Corp.,* 267 App. Div. 813.)

*Per Curiam.* There is presented to us the question whether on this record the granting of a motion for summary judgment in favor of defendant was proper. Plaintiff's affidavit makes out its cause of action for breach of contract. While defendant did not plead the facts as a separate defense, it seeks to avoid liability by alleging affirmatively in its affidavits that plaintiff's designation as broker was rescinded by the insured, James Stewart Company Associates. Plaintiff in turn does not deny the attempted substitution of brokers but seeks to avoid the holding in *Clinchy* v. *Grandview Dairy, Inc.* (283 N. Y. 39), by showing that it was procured through the intervention of defendant acting in its own interest and not because the substitution was directed by the insured. No affidavit was submitted by defendant from any officer or agent of James Stewart Company Associates. If the plaintiff can succeed in this effort, the *Clinchy* case may be distinguished upon two grounds: (1) Because of defendant's bad faith and (2) Because here the policies were delivered and the insurance was in effect for over

two months when brokers other than plaintiff were designated. These questions appear to us to be open, notwithstanding the former dismissal of a cause of action predicated upon bad faith. Questions are presented which require a trial.

The judgments should be reversed and the motion for summary judgment denied, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgments reversed, etc.