Western National Insurance Company, Plaintiff, *v.* Haph Brokerage, Inc., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, September 15, 1948.

*Francis X. Nestor* for plaintiff.

*Emanuel D. Finkelman* for defendant.

Chimera, J.  This action is brought by an insurance company to recover from an insurance broker what, for want of a better term, has been referred to as the " unearned commissions " paid by the company's agent to the broker upon receipt by the agent of premiums from the assured.

The matter comes on by way of motion brought on by plaintiff, for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

It appears that two policies were issued by the plaintiff, and that before expiration date, the larger one was first cancelled by the assured and the smaller one thereafter cancelled by the company.  Both these policies were " non-audit policies " within the meaning of the definition adopted by the court in the very important case of *Indemnity Ins. Co. of North America* v. *Ryan* (242 App. Div. 623).  In that case, the appellation " non-audit " was applied to a policy which by its terms provided for

a fixed term and fixed premiums payable in advance. The description '' audit '' was applied to a policy which by its terms made the amount of premiums dependent upon audit after stated intervals.

Both policies contained a clause permitting cancellation by either the company or the assured, the only difference being that if the assured cancelled, premium refund to the assured would be at '' short rate,'' and if the company cancelled, premium refund would be '' pro rata ''. This difference affects the rights of the assured to the refund, and for the purpose of this litigation has no bearing on the question of brokers' commissions.

Upon cancellation of the policies, the agent refunded to the assured the proper amount due it, less a sum equal to the broker's '' unearned commissions ''. After due demand of the assured and unsuccessful attempts to collect from the broker, the agent refunded to the assured the difference originally withheld. The fact that this was done has no bearing on the litigation herein, for it was the right of the assured to receive the full established refund amount and the duty of the company to pay it without deduction whatsoever. (Insurance Law, § 153.)

In the absence of facts showing (1) an express agreement to the contrary, (2) a universal custom to the contrary, or (3) the broker's interference with the contract resulting in cancellation by the assured, facts which are neither pleaded by the plaintiff herein, nor asserted by it in its moving papers, the law is well settled that the broker has earned his commissions the moment that it had fully created the relationship of insurer and assured, which was all that it undertook to do for its stipulated commissions. (*American Steam Boiler Ins. Co.* v. *Anderson,* 130 N. Y. 134.)

On the question how much a broker is entitled to by way of commissions upon cancellation in each given case and type of policy considered, the law is equally well settled. The *Ryan* case (*supra*) is the authority for the holding that a broker is entitled to retain full commissions paid to him in advance on all '' nonaudit '' policies. As to '' audit '' policies, the holding is that the broker is entitled to retain commissions only upon premiums payable as determined by audit up to cancellation. (In this connection see, also, *Scottish Union & Nat. Ins. Co.* v. *Geery, Guthrie & Co.,* 242 App. Div. 812, and *National Surety Co.* v. *Geery, Guthrie & Co.,* 228 App. Div. 808.)

The *Scottish Union* case (*supra*) is actually on all fours with the case under consideration and indeed the decision in that

case was precipitated in the identical manner, that is, by way of motion for summary judgment.

The appealed cases cited by the plaintiff, although sometimes rich in misleading dicta, are hardly in point, for the facts vary in each instance. The unappealed decisions cited by the plaintiff require no comment in the light of the above discussion.

The *Ryan* case and the two *Geery* cases cited above are cases without reported opinion either below or on appeal, and resort must be made to the cases and points in order to ferret out the law, but the holding in each case is unmistakable, and in the opinion of this court constitutes the settled law on the facts at bar.

The defendant presents in addition compelling arguments addressed to the technical defects in the moving papers, but in the light of the above discussion, that issue becomes academic, and will not be considered by this court.

Accordingly, plaintiff's motion for summary judgment is denied, and judgment is awarded in favor of the defendant, dismissing plaintiff's complaint, with costs, and with $10 costs of this motion.