Shientag, J.
Is an insurance broker to whom has been paid, without any reservation, a commission on fixed premiums, obliged to return to the insurer a portion of such commission *7 on the cancellation of the policies by the insured or by the insurer before their maturity? That, in substance, is the question presented on this appeal. The Municipal Court held that he was not; it denied the plaintiff insurer’s motion for summary judgment and granted summary judgment in favor of the defendant broker dismissing the complaint. That decision was affirmed without opinion by the Appellate Term. This court allowed an appeal.
We might affirm on the authority of Scottish Union & Nat. Ins. Co. v. Geery, Guthrie & Co. (242 App. Div. 812) an examination of the record in that case showing that it is directly in point and decisive of the issues here presented. But that case was decided without opinion, and the fact that this question is recurring suggests the advisability at least of an informative opinion by this court.
Both sides agree that no issues of fact are presented. On January 23,1947, defendant, a licensed insurance broker, placed with the plaintiff insurer, through its agent, two fixed premium transportation floater policies. These were issued on January 24,1947, each for a term of one year commencing January 23, 1947. The full annual premium of the major $50,000 policy was $3,625, and for the $5,000 policy was $50. The total premiums of $3,675 were fully paid in advance, and the plaintiff’s agent remitted to the defendant broker the sum of $551.25 in payment of the broker’s commission of 15% of the gross premiums.
Pursuant to the provisions of the policy, the insured, on April 8, 1947, exercised its option to cancel the larger policy, and shortly thereafter the insurer exercised its option to cancel the smaller one. The insurance company, after protest, refunded to the assured the full amount of the returned premiums, $2,321.83. In consequence of cancellations referred to, the insurer’s ultimate premium charges were computed as follows: On the larger policy, on a short-rate basis, the net premium charge was $1,341.25 ($3,625 less $2,283.75); and on the smaller policy, on a prorata basis, $11.92 ($50 less $38.08). Plaintiff’s total premiums actually charged were approximately $590 in excess of the total prorata charges for the same period. The amount of the commissions which plaintiff claims it is entitled to receive back from the defendant is $348.27 (i.e. 15% of $2,321.83, the sum refunded to the assured on cancellation).
We are here concerned only with a fixed premium policy — one not subject to audit or dependent upon any future arrange *8 ment between the parties to the insurance contract (cf. Degnan v. General Accident, Fire & Life Assur. Corp., 161 App. Div. 439, affd. 221 N. Y. 484; Indemnity Ins. Co. of North America v. Ryan, 242 App. Div. 623; Keyser & Co., v. Insurance Co. of North America, 268 App. Div. 469, affd. 294 N. Y. 900); nor are we here dealing with an action by the broker against an assured for loss of commissions because of cancellation (Clinchy v. Grandview Dairy, Inc., 262 App. Div. 51); nor is there here involved a suit for unpaid commissions brought by a broker against an insurer ,(Keyser & Co. v Insurance Co. of North America, 268 App. Div. 469, affd. 294 N. Y. 900, supra). We are likewise not dealing with a situation where the cancellation might be attributed in some way to the conduct of the broker himself (American Steam Boiler Ins. Co. v. Anderson, 130 N. Y. 134).
The narrow question here presented is whether an insurance broker who receives his commission on policies providing for fixed premiums which have been paid to the insurer is obligated, as a matter of law, in the absence of any agreement, to refund to the insurer an appropriate portion of his commissions in consequence of cancellations of the policies before their maturity as authorized by the policies and by statute, the broker not contributing in any way to such cancellations. As has already been stated, we have held in Scottish Union & Nat. Ins. Co. v. Geery, Guthrie & Co. (supra) that he was not so obliged and we adhere to that ruling. (American Steam Boiler Ins. Co. v. Anderson, 130 N. Y. 134, supra; Hagan Corp. v. Travelers Ins. Co., 240 App. Div. 26, affd. 264 N. Y. 635; 32 C. J., Insurance, § 156, p. 1078; 14 R. C. L., Insurance, § 42, p. 871; Richards on the Law of Insurance [4th ed.], footnote 2, p. 91.)
The insurer, if it desires to be protected in the event of cancellation in the manner sought by this action, may readily obtain such protection by agreement; the law does not imply any such obligation to refund on the part of the broker. This is certainly true in the absence of any general custom or practice in the insurance field, and no such custom or practice has been shown. Indeed, the record shows that in the first instance the insurer sought to charge the insured with the amount of commissions which it now claims the broker should return to it.
We do not believe that the doctrine of unjust enrichment has any application to the situation here presented; but it may be observed (although that is not the basis of our decision) that *9 the insurer seeks to recover from the broker the sum of $348.27, whereas in consequence of the cancellations the insurer has received, because of the application of the short rate provision, approximately $590 more than the prorata share of such premiums. The determination of the Appellate Term should be affirmed, with costs to the respondent.
Peck, P. J., Dore, Callahan and Van Voorhis, JJ., concur. Determination unanimously affirmed, with costs to the respondent.