OPINION OF THE COURT
Paul Kelly, J.
Plaintiff brings this action to recover damages for loss of insurance commissions due to the alleged fraud and collusion of the defendants. Defendant, the Guardian Life Insurance Company, moves for summary judgment.
In 1971, plaintiff was engaged as an independent insurance agent authorized to write insurance policies for, among others, the defendant Guardian. In 1971, at the suggestion of an acquaintance, plaintiff approached a representative of defen *780 dant Legal Aid Society with a view towards presenting a proposal for a policy of group life and health insurance.
There then followed a succession of telephone calls and discussions among the various parties to the within lawsuit, culminating in a meeting to finalize an acceptable policy. Present at this meeting were the plaintiff and representatives of defendants Guardian and Legal Aid. In addition, there were two other individuals present from the defendant Hagedorn. These men were introduced to the plaintiff by Mr. Chisholm of the Legal Aid Society as being consultants to the society.
At the conclusion of this meeting, it was agreed that a modified form of the proposal there presented would be forwarded to defendant Legal Aid by the representative of defendant Guardian. Three days subsequent to the meeting, defendant Legal Aid delivered a signed application for a policy of insurance to defendant Guardian. On this application, an officer of defendant Hagedorn was designated by Legal Aid as the "writing agent.” The "writing agent” is the party to whom commissions are paid by the insurer.
Neither the complaint nor the affidavit of the plaintiff submitted in opposition to the within motion contains any allegation that the defendant Guardian selected or played any part in the manner of selecting the "writing agent” for this insurance policy. The most that can be gleaned therefrom is that said defendant knew or should have known that defendant Hagedorn was acting as an agent for defendant Legal Aid rather than as a consultant.
Such knowledge, in and of itself, is insufficient to defeat the within motion. An insurance company such as Guardian does not designate the "writing agent” on a submitted application. This right is reserved to the applicant, in this case, Legal Aid. The duty of this defendant was to comply with the wishes of its insured or refuse to write the insurance. (See Clinchy v Grandview Dairy, 283 NY 39.) It was not the province of Guardian to conduct an inquiry as to the reasons why plaintiff was not named the "writing agent”. Even assuming that the conduct of the codefendants herein amounted to bad faith, such fact alone would not justify a judgment against this defendant.
The motion for summary judgment is granted.