GEORGE MORD, Respondent, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

**Insurance — principal and agent — cancellation — sufficiency of notice of cancellation of policy — conclusion of law that payment of premium to insurance brokers who procured policy nullified cancellation unsustained by findings.**

1. A letter from the authorized agent of an insurance company to a policyholder, received on June 13, notifying him that the policy " is hereby canceled　*　*　*　such cancellation to take effect on the 16th day of June, 1924, at noon," and demanding payment of the earned premium to June 13, was effectual to cancel the policy as of that date.　　　　·

2. A conclusion of law that payment of the premium by the assured to the firm of insurance brokers that procured the policy for him, made on the morning of June 16, and retained by said brokers, nullified the notice of cancellation and that the policy was in full force on June 19, the date of a loss, is not sustained by a finding that the amount of the premium was received by the brokers as agents of defendant, where there is an additional finding that such brokers were at no time authorized to issue policies or accept or bind insurance risks on behalf of the company and there is no evidence in the record to show intent on the part of the company to confer such powers.

*Mord* v. *Hartford Accident & Indemnity Co.,* 217 App. Div. 778, reversed.

(Argued May 12, 1927; decided May 31, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 30, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

Joseph L. Prager and Harris Jay Griston for appellant. The policy was canceled, null and void at the time of the alleged loss. (Stone v. Franklin Fire Insurance Co., 105 N. Y. 543; Van Wert v. St. Paul Fire & M. Ins. Co., 36 N. Y. Supp. 54.) The insurance broker had no authority to collect the premium after the policy had been canceled, and its act in accepting the premium from the assured after the notice of cancellation had been received by the assured and by the brokers, did not vitiate the cancellation or reinstate the insurance. (Allen v. German-American Ins. Co., 123 N. Y. 6; Devens v. Mechanics & Traders Ins. Co., 80 N. Y. 168.)

Alfred B. Nathan for respondent. The broker, Sondheim & Son, was the agent of the defendant to receive the policy in suit, to deliver it to the assured and to collect the premium from the assured. Payment of the premium by the assured to Sondheim & Son was a payment to the defendant. (Greenwood v. Schumacher, 82 N. Y. 614; Mott v. Ice Company, 73 N. Y. 543; Smith v. Chapin, 184 App. Div. 102; 229 N. Y. 551; Leinkauf v. Lombard, 12 App. Div. 302; City v. Railroad Co., 190 N. Y. 84; Whalen v. Stuart, 194 N. Y. 495; Insurance Co. v. Casey, 184 N. Y. 554; Railroad Co. v. Railroad Co., 149 N. Y. 51; Berger v. Varrelmann, 127 N. Y. 281; Adams v. Fitzpatrick, 125 N. Y. 124; Seaside Home v. Atlantic Beach, 241 N. Y. 550; Russian, etc., Co. v. Stoddard, 240 N. Y. 149; Aktiebolaget v. Insurance Co., 241 N. Y. 197; Globe & Rutgers Ins. Co. v. Robbins, 43 Misc. Rep. 65; Greenwich Ins. Co. v. Union, 14 Daly, 237; Bini v. Smith, 36 App. Div. 463.) The

cancellation notice of the policy in suit having been sent by the defendant at the request of its agent, Sondheim & Son, for the specific purpose of securing payment of the premium from the assured, became void and inoperative after the insured paid the premium within the time fixed by such notice. (*Ogden* v. *Alexander*, 140 N. Y. 356; *Ostrander* v. *Hart*, 130 N. Y. 406; *Helgar* v. *Warner*, 222 N. Y. 449; *Sherri* v. *Insurance Co.*, 243 N. Y. 266; *Burt* v. *State*, 230 N. Y. 351; *Dean* v. *Dean*, 241 N. Y. 240; *Rewitzer* v. *Union*, 112 App. Div. 708; *Magner* v. *Insurance Co.*, 17 App. Div. 13; 162 N. Y. 657; *Whited* v. *Insurance Co.*, 13 Hun, 191; 76 N. Y. 415; *Haight* v. *Insurance Co.*, 92 N. Y. 51.)

O'BRIEN, J.   On February 28, 1924, defendant issued a policy of insurance by which, in consideration of a stipulated premium of $112.50 agreed to be paid, it insured plaintiff's assignor, Philip Nathan & Co., Inc., in the sum of $10,000 against loss by burglary.   The term was for one year from February 11, 1924, and the policy included a provision that it could be canceled by defendant at any time by written notice served upon the assured by the representative of the company and that the assured would, in such an event, be entitled to receive a return of the unearned paid premium computed *pro rata.*   No part of the premium having been paid, defendant on June 12, 1924, through its authorized agent notified Nathan & Co. in a letter received by them the next day that the policy " is hereby cancelled for non-payment of premium, pursuant to the terms and provisions contained in said policy, such cancellation to take effect on the 16th day of June, 1924, at noon.   * * *   For the period which this policy was in force there is due an earned premium of $38.53.   Kindly let us have your check for this amount by return mail."   Although the cancellation was not to take effect until June 16 at noon, the policy which " was " in force " is hereby cancelled " on ·June

13. The letter plainly informed the assured that the company's purpose was to close all relations with them. It does not suggest payment of the premium of $112.50 for the whole year but merely the earned premium of $38.53 from February 11 to June 13 and was effectual to cancel the policy. (*Stone* v. *Franklin Fire Ins. Co.*, 105 N. Y. 543.) On the night of June 18, burglars entered Nathan & Co.'s premises and stole $6,000 worth of merchandise. The question before us relates to the effect of a payment made by the assured to a firm of insurance brokers on the morning of June 16. Was the notice of cancellation thereby nullified and the policy revived? Unless the brokers were defendant's agents, the policy remained canceled.

Anton Sondheim & Son were general insurance brokers. For more than fifteen years they had acted as such for Nathan & Co. and had taken out this policy for them. For many years they had dealt also with defendant. The insurance company had extended credit to them for the payment of premiums on insurance procured by them for their customers. There was a running account between them covering such unpaid premiums. Defendant delivered policies to them to be delivered by them to their customers and sent bills for premiums on such policies to them to be delivered by them to their customers. The company sent the bills to the brokers and not directly to the customers for whom the brokers had procured the policies. It delivered to Sondheim & Son a copy of the letter of June 12 canceling Nathan & Co.'s policy and that letter was received by the brokers on the same day. Prior to noon of June 16, Nathan & Co. paid the sum of $112.50 to Sondheim & Son who retained it and did not offer to return it to Nathan & Co. until December 23. The finding of fact is that the amount of the premium was received by Sondheim & Son as the agent of defendant and the conclusion of law is that the brokers were authorized to receive the payment and were authorized to act as

agent of defendant to accept the premium.   A further conclusion of law is that the acceptance and retention of the premium by the brokers waived and nullified the notice of cancellation and that the policy was in full force and effect on June 19, the time of the loss.   There is no express finding or conclusion that the brokers had power to revive a canceled policy.

We cannot agree with the conclusion of law that the payment to the brokers on June 16 nullified the notice of cancellation and restored the policy to full force and effect. Such a conclusion cannot flow from the finding of fact that the brokers were at no time authorized to issue policies.   Sondheim & Son were nothing more than brokers.   The finding of fact to the effect that these brokers were at no time authorized to issue or countersign policies of insurance for or on behalf of defendant or to accept or bind insurance risks on their own behalf or on behalf of the defendant in any form or manner whatsoever is inconsistent with the finding of fact that the brokers received the $112.50 on June 16 as agents of defendant. If they had no power to act as agents for issuing or countersigning policies or to accept or bind insurance risks, surely they were not authorized to nullify the cancellation of a policy.   Some evidence is necessary to show intent by the company to empower them to issue a policy, for if they cannot issue a new one, they cannot revive a dead one.   No such evidence is in the record and no finding is made except the inconsistent one that they were agents. Such a finding is not supported by the previous one respecting the custom existing between the brokers and the company and conflicts with the one which denies their authority in any form or manner whatever in respect to new policies.   Sondheim & Son were vested with no broader authority than the broker whose powers were declared limited by this court in *Allen* v. *German American Ins. Co.* (123 N. Y. 6, 15, 16).   He was there described as a conduit between the assured and the company for the

delivery of the policy and its renewals and the collection of the premiums.    Only to that extent was he'an agent and he had no powers except as predicated on those facts. Like Sondheim & Son he was never authorized to place insurance risks.    Neither was agent except for a limited purpose.    The findings of fact herein do not support the conclusion of law.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment accordingly.