## BEIDLER & BOCKMYER CO., Inc., v. UNIVERSAL INS. CO.

District Court, S. D. New York.

July 10, 1942.

Greenhill & Greenhill, of New York City (Simon Greenhill, of New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (Francis X. Nestor, of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Both parties move for summary judgment. The action is brought to recover $10,000 commissions alleged to be due plaintiff under a policy of insurance issued by defendant on January 17, 1932, to Mac-Lac-Kasabier Chatfield Corporation, now Mac-Lac Company, Inc.

The moving affidavits reveal no dispute of fact. The Mac-Lac Company is engaged in importing shellac from Oriental ports. On December 22, 1931, application was made by plaintiff, as broker, for the issuance of an open ocean cargo policy which was intended to remain in force until cancelled by either party, and under which declarations would be made from time to time by the assured. The policy is still in force. Its coverage extends from warehouse to warehouse. In view of the uncertainty as to dates on which shipments would go forward, the assured is not obliged to declare an import cargo at risk

immediately upon its departure from the warehouse, but was required to report all such shipments to plaintiff as soon as practicable after assured received knowledge thereof, and thereupon it was plaintiff's duty to transmit such information to defendant's general agents. This provision for notice is still in the policy and reads: "It is warranted by the assured to report all import shipments hereunder to Beidler and Bockmyer, Inc. for transmission to Talbot Bird & Company, Inc. as soon as practicable after they have knowledge thereof."

Prior to the application for the policy, Boynton Brothers & Company were the exclusive brokers for the Mac-Lac Company and handled all its insurance requirements. Walter G. Keyser, now plaintiff's president, was employed by those brokers. When he left them to enter plaintiff's employ, he requested some of the Mac-Lac business, and was authorized to arrange for the policy in question. Boynton Brothers continued to handle the other business of the Mac-Lac Company as theretofore.

On August 5, 1941, the Mac-Lac Company concluded that it would be more desirable to have all of its insurance handled by Boynton Brothers, and wrote defendant that it appointed them, as of that date, brokers of record on the policy. It did not formally discharge plaintiff nor did it send a copy of the letter to it. On August 6, however, defendant's general agents notified plaintiff of the receipt of the letter. Thereupon Keyser called upon the president of the Mac-Lac Company and was told that plaintiff had made enough money on the account and that was all there was to it. From then on plaintiff has had nothing to do with the insurance, has made no protest, nor otherwise indicated that its rights were violated in any respect, until the commencement of this action in March or April, 1942. All commissions accrued prior to the date of the notice have been paid to plaintiff. Since then Boynton has submitted all final and provisional notices, has attended to all other matters required under the policy, and have been paid by defendant all commissions on premiums since accruing.

Plaintiff contends that because the policy was not cancelled, and still contains the clause above quoted, there is obvious recognition by defendant that plaintiff is still the broker. Defendant answers that assured at all times had the right to change brokers, that it exercised that right, that the clause quoted was no more than a notice by assured to defendant that the latter was authorized to deal with plaintiff as assured's agent, and that if the policy had been cancelled and another immediately issued in which new brokers were named, plaintiff's contention would still be lack of good faith.

In view of the motion by both parties, the question of good faith would not seem to enter into the discussion. The only question involved is whether the Mac-Lac Company had the right to change brokers and if it did, whether defendant was bound to acquiesce.

■ ·Concededly, plaintiff was the agent of the assured and not of defendant. The defendant must deal with the broker selected by the assured, and the latter might change its broker whenever it wished, for such reasons as appeared sufficient to it, or for no reason at all. Whether or not that change is made in good faith by assured is of no consequence to the defendant. Clinchy v. Grandview Dairy Company, 283 N. Y. 39–43, 27 N.E.2d 425; Allen v. German-American Ins. Co., 123 N.Y. 6–15, 25 N.E. 309; Mord v. Hartford A. & I. Co., 245 N.Y. 279–283, 157 N.E. 138; Eagle Star & British Dominions v. Tadlock, D.C., 22 F. Supp. 545–548, affirmed 104 F.2d 131; Degnan v. General Accident F. & L. Assur. Corp., 161 App.Div. 439, 146 N.Y.S. 360, affirmed 221 N.Y. 484, 116 N.E. 346.

■ Plaintiff attempts to distinguish the Clinchy and· Degnan cases by the statement that there the insurance placed was cancelled, that in the Clinchy case no policy was written, and thereafter, in both cases, new policies were issued, whereas here the original policy is still extant. I cannot see that that changes the rule of the right of the assured to discharge its broker. Here plaintiff had notice of its discharge, which was confirmed in the subsequent interview with assured's president. Commissions were not earned merely by the issuance of the policy. Commissions would only be earned after the cargo was at risk and only then after notice by plaintiff to defendant. To earn a commission some act of the broker subsequent to the writing of the policy was requisite and none was here so earned by plaintiff after its discharge. Plaintiff's further contention that the defendant is to blame for substituting another broker is contrary to the undisputed fact that the change was made

by assured without any action on the part of defendant.

The defendant urges the statute of frauds and lack of mutuality as further reasons why the complaint must be dismissed. As I consider the foregoing decisive, I do not pass upon the latter.

Summary judgment is granted to defendant with costs, and plaintiff's cross-motion is denied.