■ J. W. Johnson-Winco Corp., Respondent, v. L S B Auction Products, Inc., Appellant.— Judgment in favor of plaintiff following the granting of plaintiff's motion for summary judgment unanimously reversed, on the law, with costs to abide the event, and the motion for summary judgment denied. Upon the verified pleadings and opposing affidavits an issue is raised which must await trial as to whether the goods delivered to defendant were shipped pursuant to a consignment agreement that would maintain title in plaintiff or whether they were sold outright to defendant. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ Merchants Mutual Insurance Co., Respondent, v. John Valilis, Appellant.— Order, entered August 1, 1961, denying defendant's motion for summary judgment, unanimously affirmed, on the law, with $20 costs and disbursements to respondent. Under the circumstances here, the delivery by the defendant (the insured) of a check for the balance of the premium and the acceptance of the same by the broker would not have the effect of nullifying or waiving a cancellation of the policy, if duly effected. (See Insurance Law, § 121; *Mord* v. *Hartford Acc. & Ind. Co.*, 245 N. Y. 279; *Standard Acc. Ins. Co.* v. *Roth*, 28 Misc 2d 1080.) Therefore, if the plaintiff insurance company had complied with the requirements to effect a cancellation of the policy, it would be entitled to judgment. The matter of whether or not there was such compliance, including whether or not there was a due mailing of the notice of cancellation to the insured was not, however, briefed or argued; and the plaintiff on this appeal merely asks for affirmance of the order denying defendant's motion for summary judgment. Therefore, we have not considered the question of whether or not plaintiff should have had judgment in its favor on this motion. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

■ Helen A. Hartigan, Respondent, v. John P. Hartigan, Appellant.— Order, entered on October 14, 1960, so far as appealed from, unanimously affirmed, without costs. Concur — Valente, J. P., McNally, Stevens, Steuer and Bastow, JJ.

■ Ruth Noble, Respondent, v. Sessue K. Hayakawa, Appellant.— Order, entered on January 17, 1961, granting plaintiff's motion to amend the complaint and denying defendant's cross motion to dismiss the complaint for failure to prosecute, unanimously reversed, on the law and the facts, with $20 costs and disbursements to the appellant, the motion to amend denied and the cross motion to dismiss granted, with $10 costs. In this action to recover a balance due on a note executed in 1931, the plaintiff did nothing for 20 months after the joinder of issue at which time she made the instant motion to amend the complaint by adding a new cause of action. In the context of this case a 20-month delay without a satisfactory explanation requires that the complaint be dismissed. In view of the disposition of the cross motion the motion to amend the complaint must be denied. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ James A. Walker, Appellant, v. New York Preparatory School et al., Respondents, et al., Defendant.— Judgment and order so far as appealed from unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.