In the Matter of HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent, v ESTATE OF VIVIAN E. BALL et al., Respondents, and EMPIRE MUTUAL INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, Empire Mutual Insurance Company appeals from an order of the Supreme Court, Suffolk County, entered April 28, 1975, which, inter alia, granted the application. Order modified by deleting therefrom the second decretal paragraph, which stayed arbitration, and by substituting therefor a provision that an evidentiary hearing shall be held, in accordance with the views expressed herein. As so modified, order affirmed, without costs or disbursements. In the absence of express or implied authority, an insurance broker may not countermand the cancellation of a policy (Mord v Hartford Acc. & Ind. Co., 245 NY 279; see Merchants Mut. Ins. Co. v Valilis, 16 AD2d 616; Standard Acc. Ins. Co. v Roth, 28 Misc 2d 1080). The record on this appeal fails to disclose the scope of the broker's authority and, accordingly, the relationship between appellant Empire Mutual Insurance Co. and the broker should be explored at a hearing. In addition, inquiry should be made

as to whether the proceeds of the alleged premium payment were remitted to, and accepted by, appellant, since acceptance of such proceeds might be deemed a ratification of the broker's actions. Finally, we are unable to say, on the record before us, whether the notice of cancellation was properly given by appellant, whether the premium payment was made before the effective date of the cancellation, and whether the broker failed to exercise due diligence in presenting the premium check for payment. Although the check was dated June 27, 1973, there is no evidence as to when payment was tendered or received, or when the check was presented for payment. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.