◼ JACK V. SAMS, JR., et al., Respondents, v WILLIAM E. YALDEN, Appellant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered April 27, 1981 in Tompkins County, which denied defendant's motion to dismiss the complaint for failure to prosecute. This action for breach of contract accrued on or about September 25, 1976 and was commenced by service of a summons on October 23, 1976. The complaint was served on December 7, 1976. An answer and demand for a bill of particulars were served on December 21, 1976 and the bill of particulars was received on February 28, 1977. On our about May 12, 1980, defendant served a demand to file a note of issue within 90 days pursuant to CPLR 3216 (subd [b], par [3]). The note of issue was received by defendant on September 19, 1980, a little more than a month after the 90 days had passed. Thereafter, by notice of motion dated September 22, 1980, defendant moved to dismiss the complaint. Special Term improperly denied defendant's motion to dismiss. There was an unexcused period of delay of over three years and two months from the date issue was joined until the 90-day demand to file a note of issue was served. More than four months additional delay occurred before the note of issue was finally filed. Plaintiffs' excuse for delay covers only the period from July 11, 1980 and thereafter. Plaintiffs do not attempt to explain the more than three years of unexcused delay occurring prior to the service of the 90-day demand. Although the action has merit, the excuse here, which is simply law office failure, is insufficient to justify the long delay. The order of Special Term should, therefore, be reversed, and the motion to dismiss the complaint granted and the complaint dismissed (*Chodikoff v Troy Estates*, 37 AD2d 670; *Noble v Hayakawa*, 16 AD2d 616). Order reversed, on the law and the facts, motion granted, and complaint dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.